UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

August 14, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:   *Robert H. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
      Civil No. 23-1298-CDA

Dear Counsel:

On May 17, 2023, Plaintiff Robert H. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8) and the parties' briefs (ECFs 11, 15 & 16). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on August 30, 2016, alleging a disability onset of October 1, 2015. Tr. 151-69. Plaintiff's claims were denied initially and on reconsideration. Tr. 117-20, 128-31. On February 27, 2019, an Administrative Law Judge ("ALJ") held a hearing. Tr. 39-69. Following the hearing, on April 22, 2019, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 12-33. The Appeals Council denied Plaintiff's request for review. Tr. 1-6. Having exhausted all administrative remedies, Plaintiff appealed to this Court. Tr. 549-58. On September 20, 2021, the Court remanded Plaintiff's case to the Commissioner for further proceedings, Tr. 619-21, and on January 13, 2022, the Appeals Council vacated the final decision and remanded the case to an ALJ for a new hearing, Tr. 624-30. On February 23, 2023, the ALJ conducted a hearing. On March 16, 2023, the ALJ determined that Plaintiff was not disabled within the

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on May 17, 2023. ECF 1. Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Accordingly, Commissioner O'Malley has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

meaning of the Social Security Act. Tr. 438-60. The ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II. THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since October 1, 2015, the alleged onset date[.]" Tr. 444. At step two, the ALJ found that Plaintiff suffered from the severe impairments of spine disorders; obesity; coronary heart disease; ischemic heart disease; vascular insult to the brain; depressive, bipolar, and related disorders; anxiety; and obsessive-compulsive disorders. *Id.* At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can stand and/or walk for a total of four hours in an eight-hour workday; occasionally reach overhead with the bilateral upper extremities; occasionally balance, stoop, kneel, crouch, crawl and climb ramps and stairs; never climb ladders, ropes, or scaffolds; tolerate occasional exposure to vibration; is able to understand, remember and carry out simple instructions; is able to interact with supervisors occasionally; is able to interact with coworkers occasionally; is never able to interact with the public.

Tr. 447. The ALJ determined that Plaintiff was unable to perform past relevant work as a Collections Clerk (DOT[3] #241-357.010), among others, but could perform other jobs that existed

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of*

*Robert H. v. O'Malley*
Civil No. 23-1298-CDA
August 14, 2024
Page 3

in significant numbers in the national economy. Tr. 451-52. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 453.

### III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

Plaintiff's sole argument is that the ALJ's decision runs afoul of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). ECF 11, at 8. Specifically, Plaintiff avers that, after having determined at step three that Plaintiff had a moderate concentration, persistence, or maintain pace ("CPP") limitation, the ALJ failed to either include a "corresponding limitation in [the] RFC assessment or explain why no such limitation is necessary." ECF 11, at 9-10. Defendant counters that the ALJ accounted for Plaintiff's moderate CPP limitation when formulating the RFC. ECF 15, at 6. The Commissioner explains that the ALJ provided a "more than adequate discussion, supported by substantial evidence, to indicate how the [RFC] limitations . . . accounted for [Plaintiff's] mental impairments." ECF 15, at 9.

When a claimant possesses a mental impairment, an ALJ is required to make "'a specific finding as to the degree of limitation in each of' the four areas of functional limitation listed in [20 C.F.R.] § 404.1520a(c)(3)." *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017) (quoting 20 C.F.R. § 404.1520a(e)(4)). One of these four areas, CPP, concerns "the abilit[y] to focus attention on activities and stay on task age-appropriately." 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(E)(3). A "moderate" limitation in CPP means that a claimant's ability to sustain CPP "independently, appropriately, effectively, and on a sustained basis is fair." *Id.* § 12.00(F)(2)(c).

Specific to a limitation in the functional area of CPP, an ALJ must expressly account for such limitation, or explain why no such limitation exists, in the function-by-function analysis. *Mascio*, 780 F. 3d at 638; *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). An ALJ may not

---

*Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

account for a claimant's moderate CPP limitations by restricting the RFC to simple, routine tasks or unskilled work without explaining why such provisions adequately address the claimant's CPP limitations. *See Mascio*, 780 F.3d at 638; *Shinaberry*, 952 F.3d at 121-22. However, when a medical opinion provides "detailed findings" regarding a claimant's "sustained concentration and persistence limitations," an ALJ may account for those limitations by assigning persuasive weight to the opinion and incorporating the opined limitations into the RFC. *See Sizemore v. Berryhill*, 878 F.3d 72, 80-81 (4th Cir. 2017).

Here, the ALJ determined that Plaintiff had a moderate CPP limitation. Tr. 446. As support for this conclusion, the ALJ noted that Plaintiff's mental examinations showed that he had "at least low average intellectual capacity, and clinicians [did] not indicate that he [had] trouble concentrating at appointments." *Id.* The ALJ found that Plaintiff's concentration was "generally within normal limits[,]" but due to his "occasional mood abnormalities" he had a decreased ability to persist and maintain pace at task. *Id.* The ALJ further stated that Plaintiff's diagnoses of "depressive disorder and an anxiety disorder . . . prevent[ed] him from performing complex, fast-paced work activities . . . ." Tr. 448. Plaintiff also complained of trouble concentrating, but the ALJ found that despite this complaint among others, Plaintiff's examinations were "generally unremarkable, aside from occasional disturbances in his mood and affect." Tr. 448-49. Thus, the ALJ concluded that Plaintiff can "understand, remember and carry out simple instructions; is able to interact with supervisors occasionally; is able to interact with coworkers occasionally; is never able to interact with the public." Tr. 447.

The Court agrees with Plaintiff that the ALJ's lack of explanation constitutes error. A claimant's RFC represents "the most [he] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1). Social Security Ruling ("SSR") 96-8p details the steps an ALJ must take when assessing a claimant's RFC. *See generally* SSR 96-8p, 1996 WL 374184 (July 2, 1996). The ruling provides that "[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id.* at *7.

Here, the ALJ contravened SSR 96-8p by failing to explain how the evidence specifically supports the RFC's provisions regarding Plaintiff's moderate CPP limitation. Although the record contains a restriction that corresponds with Plaintiff's moderate limitation in interacting with others, the ALJ did not include a restriction for the Plaintiff's moderate CPP limitation. *See Henry v. Berryhill*, No. BPG-17-57, 2018 WL 558839, at *3 (D. Md. Jan. 25, 2018) (remanding when the ALJ's decision only contained a limitation for the Plaintiff's moderate social functioning but not for Plaintiff's moderate CPP limitation because limiting Plaintiff to simple, routine, repetitive work with few to non-workplace changes was deemed insufficient). If the ALJ's restriction for Plaintiff's moderate CPP limitation is assumed to be Plaintiff's ability to "understand, remember and carry out simple instructions;" this statement is not only insufficient under *Mascio*, but leaves this Court "to guess" as to the ALJ's intentions. *See Mascio*, 780 F.3d at 637-38 (holding that an ALJ may not account for a claimant's moderate CPP limitations by restricting the RFC to simple, routine tasks or unskilled work without explaining why such provisions adequately address the claimant's CPP limitations); *see also Shinaberry*, 952 F.3d at 121-22. Moreover, the ALJ did not

explicitly base these RFC provisions on any opinions contained in the record. *Cf. Sizemore*, 878 F.3d at 80-81 (affirming an ALJ's decision where: (1) the ALJ adopted certain RFC limitations suggested in a medical opinion that provided "detailed findings" on a claimant's "sustained concentration and persistence limitations" and (2) the ALJ assigned the opinion "significant weight"). These gaps in the ALJ's analysis frustrate meaningful review and warrant remand. *See Mascio*, 780 F.3d at 637.

Ordinarily, remand of an SSA decision for legal error is unwarranted unless a plaintiff shows that the error was harmful. *See Josiah T. v. Comm'r, Soc. Sec. Admin.*, No. SAG-20-3572, 2022 WL 684944, at *2 (D. Md. Mar. 8, 2022) (citing *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)). However, remand is also appropriate if "inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio*, 780 F.3d at 636, 637 (declining to hold that the ALJ's lack of reasoning constituted harmless error because the Court was "left to guess about how the ALJ arrived at [their] conclusions"); *see also Thomas v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-1229, 2017 WL 1193990, *2 (D. Md. Mar. 29, 2017) (remanding when the ALJ's discussion was "simply insufficient" regarding the plaintiff's "ability to work consistently over an eight-hour workday.").

On remand, the ALJ must either: (1) explain how the RFC addresses Plaintiff's moderate CPP limitations or (2) explain why no RFC limitation is necessary to address these limitations. *See Talmo v. Comm'r, Soc. Sec.*, No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015); *Mascio*, 780 F.3d at 638. In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

V.  **CONCLUSION**

For the reasons set forth herein, Plaintiff's motion for summary judgment, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis and the case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge